```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

```
TOMMIE JOHNSON, individually   )
and on behalf of L.J. and S.J.,)
                               )
        Plaintiff,             )
                               )
vs.                            )     No. 12-2140-STA-tmp
                               )
MEMPHIS CITY SCHOOLS, et al.,  )
et al.,                        )
                               )
        Defendants.            )
                               )
```

ORDER DIRECTING L.J. AND S.J. TO RETAIN COUNSEL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

On February 21, 2012, Plaintiff Tommie Johnson, individually and on behalf of his minor children, L.J. and S.J., filed a pro se complaint pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq.; § 504 of the Rehabilitation Act of 1973, 28 U.S.C. § 794; Title III of the Americans With Disabilities Act, 42 U.S.C. §§ 12181 et seq., and 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed in forma pauperis. (ECF Nos. 1 & 2.) The Court granted leave to proceed in forma pauperis on February 23, 2012. (ECF No. 3.) The Clerk shall record the defendants as Memphis City Schools ("MCS"); Patricia A. Toarmina, the Executive Director of Division of Exceptional Children and Health Services; Celia Moore, Assistant Executive Director of Division of Exceptional Children and Health Services; Teri P. Graber, Compliance Monitor of Exceptional Children and Health Services;

Gloria D. Lindsey, Coordinator of Exceptional Children and Health Services; Danielle Seemann, Social Worker, Exceptional Children and Health Services; Carlos J. Fuller, Principal of Kingsbury High School; Shenar Miller, Assistant Principal of Kingsbury High School; Dorsey E. Hopson II, General Counsel of MCS; and Jennifer H. Collins, a Staff Attorney for MCS.[1]

Tommie Johnson has sued on his own behalf and on behalf of his minor children. Count 1, titled Appeal of Due Process Order, is brought against MCS under the IDEA. (Compl. ¶¶ 84-90.) Count 2 is brought against MCS under § 504. (Id. ¶¶ 91-92.) The third claim is brought against MCS under 42 U.S.C. § 1983 for a violation of the IDEA. (Id. ¶¶ 93-101.) The fourth claim is brought against MCS for a violation of the Fourteenth Amendment. (Id. ¶¶ 102-05.) Count 5 is brought against MCS under Title III of the ADA. (Id. ¶¶ 106-08.)

Ordinarily, a party in federal court must proceed either through licensed counsel or on his or her own behalf. See 28 U.S.C. § 1654. A pro se litigant can only represent his own interests[2] and can only sign pleadings on his own behalf.[3] Even a custodial parent

---

[1] The individual defendants are sued in both their individual and official capacities. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989) (citation omitted). Each of the individual defendants is employed by MCS, which is also a party to this suit. The official-capacity claims against the individual defendants can, therefore, be disregarded because they are duplicative of Plaintiffs' claims against MCS.

[2] Shepherd v. Wellman, 313 F.3d 963, 970-71 (6th Cir. 2003).

[3] Garrison v. Fleet Fin., Inc., No. 97-6422, 1999 WL 282626, at *1 (6th Cir. Apr. 30, 1999) ("The signing and filing of a notice of appeal on behalf of another by a person who is not a qualified attorney is ineffective to vest an appellate court with jurisdiction."); Johns v. County of San Diego, 114 F.3d 874,
(continued...)

may not appear pro se on behalf of his minor children.[4] A parent may be a "party aggrieved" under the IDEA and, therefore, can sue on his own behalf. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 531, 535, 127 S. Ct. 1994, 2004, 2006-07, 167 L. Ed. 2d 904 (2007). The Supreme Court did not address whether a parent may also represent the interests of his minor children under the IDEA. Id. at 535, 127 S. Ct. at 2007. Plaintiff also may not litigate his childrens' claims under the ADA or the Rehabilitation Act without obtaining counsel. Leonard v. Cleveland Metropolitan Sch. Dist., No. 1:11-cv-01233, 2011 WL 5869606, at *3 (N.D. Ohio Nov. 16, 2011). Therefore, Plaintiffs are ORDERED to retain counsel to represent L.J. and S.J. within thirty (30) days of the date of entry of this order. If an attorney does not file a notice of appearance on behalf of L.J. and S.J. within the time specified the court will dismiss the claims on their behalf without prejudice and the case will proceed with Tommie Johnson as the sole Plaintiff.

---

[3] (...continued)
876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself.") (internal quotation marks and alteration omitted); Cochran v. Nelson, No. 93-3521, 1994 WL 28648, at *3 (6th Cir. Feb. 1, 1994) ("Because Virgil Cochran is not an attorney, he may not represent his son in federal court."); Peak v. Smith, No. 91-5902, 1992 WL 60194, at *1 (6th Cir. Mar. 27, 1992) ("As an initial matter, we recognize this appeal as brought only by plaintiffs Peak and Crowhorn as they were the only parties to sign the notice of appeal. As plaintiff Duncan failed to sign the notice of appeal, he failed to effectuate an appeal. In addition, Peak and Crowhorn are not permitted to plead or conduct the case for others because they are not attorneys. Therefore, the only plaintiffs before this court as appellants are Peak and Crowhorn.") (citations omitted).

[4] Cavanaugh ex rel. Cavanaugh v. Cardinal Local Sch. Dist., 409 F.3d 753, 755 (6th Cir. 2005); Shepherd v. Wellman, 313 F.3d at 970-71; L.A. ex rel. Arnold v. Mitchell, No. 3:11-1088, 2012 WL 1831246, at *2 (M.D. Tenn. May 18, 2012) (report and recommendation); Abessolo v. Smith, No. 1:11-cv-608, 2012 WL 668773, at 3 n.7 (S.D. Ohio Feb. 29, 2012), adopted, 2012 WL 1564321 (S.D. Ohio May 2, 2012).

It is ORDERED that the Clerk shall issue process for Defendants and deliver that process to the marshal for service. Service shall be made on MCS pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure.[5] All costs of service shall be advanced by the United States.

It is further ORDERED that Plaintiffs shall serve a copy of every document filed in this cause on the attorneys for Defendants and on any unrepresented defendant. Plaintiffs shall make a certificate of service on every document filed. Plaintiff Tommie Johnson shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules.[6]

Plaintiffs shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED this 20th day of June, 2012.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[5] Service should be made on Superintendent Kriner Cash, 2597 Avery Avenue, Memphis, TN 38112.

[6] A free copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.